```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| YIZHANG DENG, <br> JIALUN HE, <br> YANG LI, <br> YUMENG ZHANG, <br> XIAOTIAN QU, <br> LUCY LU, <br> NAN CHEN, <br> SEYEDMEHDI MOUSAVI, and <br> AHMED HUSSEIN, <br><br>           Plaintiffs, <br><br>      v. <br><br> KRISTI NOEM, in her official <br> capacity as Secretary of <br> Homeland Security, and <br> TODD LYONS, in his official <br> capacity as Acting Director of <br> U.S. Immigration and <br> Customs Enforcement, <br><br>           Defendants. | CIVIL ACTION <br> NO. 25-10976-WGY |

YOUNG, D.J.                                              April 21, 2025

### ORDER PRESERVING STATUS QUO

This case presents a motion for temporary restraining order sought by the plaintiffs Yizhang Deng, Jialun He, Yang Li, Yumeng Zhang, Xiaotian Qu, Lucy Lu, Nan Chen, Seyedmehdi Mousavi, and Ahmed Hussein ("the Plaintiffs"), seeking immediate injunctive relief against Kristi Noem, in her official capacity

as Secretary of Homeland Security, and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("the Defendants").  A hearing on the motion for preliminary injunctive relief is hereby set for **Tuesday, April 22, 2025, at 9:00 a.m. in Courtroom 18**.  The Plaintiffs are directed to serve a copy of this Order on the Defendants.  The Clerk is directed to notify the United States Attorney for the District of Massachusetts via email of this order.

   Furthermore, this Court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction.  Brownback v. King, 592 U.S. 209, 218-19 (2021) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)).  In order to give the Court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the merits of the allegations of the complaint and the appropriate relief, if any, the Court may order the Defendants to preserve the status quo.  See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (stating that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous).  Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action.  See id. at 294-

[2]

95 (upholding criminal contempt convictions for violations of a preliminary injunction, while assuming the District Court had no jurisdiction to decide the underlying matter).  This principle applies with even greater force where the action the Court enjoins would otherwise destroy its jurisdiction or moot the case.  See United States v. Shipp, 203 U.S. 563, 573 (1906).

Many courts, including two courts in this District, have recently issued injunctive relief on what appear to be issues similar to those presently before this Court.  See Zheng v. Lyons, Civ. No. 25-cv-10893-FDS (D. Mass. Apr. 11, 2025) (Saylor, C.J.) (TRO, ECF No. 8); Doe v. Noem et al., Civ. No. 25-cv-10904-PBS (D. Mass. Apr. 15, 2025) (Saris, J.) (TRO, ECF No. 11); Liu v. Noem, 25-cv-133-SE (D.N.H. Apr. 10, 2025) (TRO); Ratsantiboon, v. Noem, No. 25-CV-01315 (JMB/JFD), 2025 WL 1118645 (D. Minn. Apr. 15, 2025) (TRO); Isserdasani v. Noem, No. 25-CV-283-WMC, 2025 WL 1118626 (W.D. Wis. Apr. 15, 2025) (TRO as to one plaintiff, reserved as to other plaintiff on venue); Roe v. Noem, No. CV 25-40-BU-DLC, 2025 WL 1114694, at *4 (D. Mont. Apr. 15, 2025) (TRO); Arizona Student DOE #2 v. Trump, No. CV-25-00175-TUC-AMM, 2025 WL 1115468 (D. Ariz. Apr. 15, 2025) (ex parte TRO granted to preserve status quo).

While the Court expresses no opinion on the merits of the action before it, due to the nature of this suit -- the alleged risk of removal of the Plaintiffs from the United States as a

[3]

result of the alleged actions of the Defendants -- unless otherwise ordered by the Court, the Defendants Kristi Noem and Todd Lyons, and any agents acting under their authority or control, or in concert with any of them, shall not move any of the Plaintiffs outside the United States District in which such Plaintiff is first detained by law enforcement officers (whether federal, state or local) without first providing advance notice of the intended move.  Should any such plaintiff be taken into custody outside the District of Massachusetts, the Defendants shall also file such notice with the Chief Judge of the United States District Court for the district in which such apprehension shall take place.

   Such notice shall be filed in writing on the docket in this proceeding, and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further Court proceedings.  Once that notice has been docketed, unless otherwise ordered by this Court, any such plaintiff shall not be moved out of that respective District for a period of at least 96 hours from the time of that docketing. If the 96-hour notice period "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(2)(C).  The time period may be

[4]

shortened or extended as may be appropriate by further order of the Court.

**SO ORDERED.**

                                                      /s/ William G. Young  
                                                     WILLIAM G. YOUNG  
                                                     DISTRICT JUDGE